**FILED**

March 29, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ JU

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RYAN JASON NOLDEN,** | § | |
| **TDCJ No. 0756357,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | Civil No. SA-20-CA-0906-OLG |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Ryan Jason Nolden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Traverse (ECF No. 13). Petitioner challenges the constitutionality of his 1996 state court capital murder conviction, arguing he received ineffective assistance on appeal by counsel's failure to inform him of the appellate court's decision or advise him about his right to file a petition for discretionary review with the Texas Court of Criminal Appeals. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In June 1996, Petitioner was convicted of capital murder and sentenced to life imprisonment. *State v. Nolden*, No. 94CR7524 (186th Dist. Ct., Bexar Cnty., Tex. June 13, 1996) (ECF No. 11-7 at 130-31). The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Nolden v. State*, No. 04-96-00579-CR, 1997 WL 280510 (Tex. App.—San Antonio, May 28, 1997, no. pet.); (ECF No. 11-2). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (TCCA). *Id.*

Instead, Petitioner waited until August 21, 2002, to file a state habeas corpus application challenging his conviction and sentence. *Ex parte Nolden*, No. 55,183-01 (Tex. Crim. App.); (ECF No.11-13 at 14). The TCCA ultimately denied this application without written order on March 26, 2003. (ECF No. 11-13 at 2). On August 11, 2003, Petitioner filed a second state habeas application challenging his conviction and sentence which was ultimately dismissed by the TCCA on December 10, 2003, as a successive petition pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4. *Ex parte Nolden*, No. 55,183-02 (Tex. Crim. App.); (ECF No. 11-14 at 2, 15). Thereafter, Petitioner filed two more state habeas applications in 2007 and 2019 which were eventually dismissed as successive by the TCCA. *Ex parte Nolden*, Nos. 55,183-03, -04 (Tex. Crim. App.); (ECF Nos. 11-16, 11-19). Petitioner then initiated the instant federal habeas corpus proceedings by placing his federal habeas corpus petition in the prison mail system on July 22, 2020. (ECF No. 1 at 12).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court.  The limitation period shall run from the latest of—

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

 * * *

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner's conviction became final June 27, 1997, when the time for filing a PDR with the TCCA expired.  *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted).  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on June 27, 1998.  As Petitioner did not file the instant federal petition until July 2020, it appears to be untimely by over twenty-two years.

However, Petitioner contends that the factual predicate of his claims could not have been discovered until March 12, 2002, the date he became aware his conviction had been affirmed by the Texas Fourth Court of Appeals.  Giving Petitioner the benefit of the doubt and assuming this to be true, the limitations period under § 2244(d) for filing a federal habeas petition expired a year later on March 12, 2003.  Because Petitioner did not file his § 2254 petition until July 22, 2020, his petition is still barred by the one-year statute of limitations by over seventeen years unless it is subject to either statutory or equitable tolling.

A.     **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered any earlier than March 2002 through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  As discussed previously, Petitioner first challenged the instant conviction in a state habeas application filed on August 21, 2002, which was later denied by the TCCA on March 26, 2003.  Accordingly, Petitioner's first state habeas application tolled the limitations period for a total of 218 days, making his federal petition due October 16, 2003.  Before the limitations period expired, Petitioner filed his second state habeas application on August 11, 2003, which was dismissed by the TCCA as successive on December 10, 2003.  This second application tolled the limitations period another 122 days, making deadline to file his federal petition Monday, February 16, 2004. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

Although Petitioner is entitled to statutory tolling under § 2244(d)(2) for the first two state habeas applications he filed, the third and fourth applications do not afford him the same courtesy.  Petitioner did not execute his third state habeas application until October 2007 and his

fourth application until August 2019.  Because both applications were filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Thus, Petitioner's limitations period for filing a federal petition still expired February 16, 2004.  Again, he did not file the instant § 2254 petition until July 2020—over sixteen years late.

**B.**   **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case.  In his petition and traverse, Petitioner blames his appellate counsel for failing to notify him regarding the decision of the appellate court on direct appeal.  But Petitioner readily admits that he discovered this information on his own in March 2002, some eighteen years before he filed his federal petition.  Petitioner has not provided this Court with any "extraordinary circumstance" that prevented his timely filing, instead arguing only that he was unaware of his right to file a PDR or seek habeas corpus relief.  But a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v.*

*Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner admits he became aware of the direct appeal decision by March 2002, yet waited until July 2020 to file the instant federal petition.  This delay alone warrants the denial of equitable tolling, as such tolling is "not intended for those who sleep on their rights."  *Manning*, 688 F.3d at 183.  Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings;  *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484).  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

### IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Ryan Jason Nolden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED** and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___29th___ day of March, 2021.

_____
**ORLANDO L. GARCIA**
**Chief United States District Judge**